ELIZA ANN FREY *vs.* GARRET I. DEMAREST and MARGARET MAHER, administrators of Henry Frey, deceased.

1. The rule is that if an executor, administrator, or trustee, negligently suffer the trust moneys in his hands to lie idle, or mingle them with his own funds, or employ them in his business, he is chargeable with interest.

2. It is the duty of an administrator to invest the funds of an infant in his hands, within a reasonable time after the settlement of his accounts, where there is no probability that he will be called on for early payment.

3. An administrator is not entitled to a diminution in the legal rate of interest upon funds retained in his hands uninvested, on the ground that it would have been difficult to invest in his neighborhood small sums, except at less than the legal rate.

4. Administrator allowed six months from settlement of account for making investment, and charged with interest from that time to date of decree.

5. An administrator is entitled to no commissions upon funds remaining in his hands after settlement of his account, where he has neglected to invest them, or has converted them to his own use.

6. Where interest is given against a trustee, as a remedy for a breach of trust, costs follow as of course.

*Mr. N. C. Slaight,* for complainant.

*Mr. C. H. Voorhis,* for defendants.

THE CHANCELLOR. On the 24th of September, 1840, Garret I. Demarest, as one of the administrators of Henry Frey, deceased, settled his separate account in the Orphans Court of the county of Bergen, showing a balance in his hands of $280.37½, to be distributed according to law. The balance consisted of the residue of the proceeds of the sale of of the intestate's real estate, after the payment of debts. The complainant is the only child and heir-at-law of the intestate, and is admitted to be entitled to the fund. The only question is to what amount of interest she is entitled.

The defendant admits that he has held the fund from the date of the settlement, and that since July, 1857, it has been mingled with his own individual funds. The rule is, that if an executor, administrator, or trustee, negligently suffer the trust moneys in his hands to lie idle, or mingle them with his own funds, or employ them in his business, he is chargeable with interest. 2 *Story's Eq. Jur.,* § 1277 ; 2 *Kent's Com.* 231 ; *Hill on Trustees,* 374, and *note 1.*

Various reasons are urged why the defendant should not be charged with interest. It is said that the administrator kept the money on hand unemployed, under the apprehension that it might be called for at a time when the money was not in hand. An administrator may certainly, after the settlement of his accounts, retain the shares of those entitled to distribution in his hand for a reasonable time, where there is a probability that he will be called on for early payment. But the indulgence will be jealously guarded and restricted within reasonable limits. In the present case it can afford

no justification of the course of the administrator. At the date of the settlement in September, 1840, the complainant was an infant, not two years old. The mother, who was co-administratrix of the estate of her husband with Demarest, desired to have the money. She was at this time resident in the city of New York, dependent for her subsistence and that of her child upon her daily labor. She was informed that she could have the money, if she would take out letters of guardianship in New Jersey, but that freehold security was required. This she was unable to do. This interview seems to have taken place soon after the settlement. The administrator subsequently heard that she was married, but was unable to find her residence, and afterwards heard nothing of either mother or daughter, until the complainant was of age. It was clearly the duty of the administrator, under such circumstances, to have invested the fund as soon as a reasonable time for taking out the letters of guardianship had elapsed. The rule of equity as well as the statute (*Nix. Dig.* 578, § 14,) requires that the money in the hands of administrators should be invested, and protects them from all inconvenience that might result from the money being subsequently called for. The same ground of justification was offered and overruled in *King* v. *Berry's Ex'rs,* 2 *Green's Ch. R.* 261. Chancellor Vroom said : " I am afraid to set such a precedent; one which will cover all amounts and be a strong temptation to concealment and speculation and frauds, on the part of executors and trustees." The executor in that case was discharged from the payment of part of the interest claimed, on the ground that the testator had requested him to keep the money uninvested, and because he was advised by his counsel, that it was proper for him to do so. No such justification is offered here.

The rate of interest cannot be diminished upon the ground that, during a portion of the period, it would have been difficult to invest, in the neighborhood of the administrator, small sums at a rate exceeding five per cent. The practice of varying the rate of interest upon equitable principles, though

adopted by the Court of Chancery in England, has not been adopted in this state.

It is worthy of attention, moreover, if, during a portion of the time, it would have been difficult to obtain over five per cent., during another and perhaps larger portion of the time seven per cent. has been an authorized rate of interest in the county, and may have been readily obtained. The true protection for the defendant was to have obtained the direction of the Orphans Court in making the investment.

In *Schieffelin* v. *Stewart*, 1 *Johns. Ch. R.* 620, Chancellor Kent held that, if an administrator or trustee convert the moneys to his own use, or employ them in his business or trade, he is chargeable with compound interest. There are many other cases in which the same rule has been adopted, and it seems essential in many instances, to guard the rights of the infant, and to maintain the well established principle of equity, that a trustee shall never be permitted to make a profit out of the estate of his *cestui que trust*. But the circumstances, under which it is equitable to apply the rule, are not well defined, and in the present case, it might operate unfairly against the administrator. He was not engaged in a business in which the annual accumulations of interest could be used to advantage, and the annual interest consisted of sums so small as not to be susceptible of ready investment.

In *Barney* v. *Saunders*, 16 *How.* 542, Mr. Justice Grier states the rule thus: " On the subject of compounding interest on trustees, there is not, and indeed could not well be, any uniform rule which could justly apply in all cases. When a trust to invest has been grossly and wilfully neglected, where the funds have been used by the trustees in their own business, or profits made of which they give no account, interest is compounded as a punishment, or as a measure of damages for undisclosed profits, and in place of them. For mere neglect to invest, simple interest only is given. Six months rests have been made only where the amounts received were large, and such as could be easily, and at all times invested."

Six months from the settlement of the account will be allowed for making the investment; and the administrator charged with simple interest upon the fund in his hands, from the 1st of April, 1841, until the date of the decree. There is no necessity for a reference to a master; a simple computation of interest will fix the amount.

The administrator was allowed commissions on the settlement of the estate. He is entitled to no commissions where he has neglected to invest funds remaining in his hands, or has converted them to his own use. *Warbass* v. *Armstrong,* 2 *Stockt.* 263.

The decree will be made with costs. Where interest is given against a trustee, as a remedy for a breach of trust, costs follow as of course. *Warbass* v. *Armstrong,* 2 *Stockt.* 266; *Seers* v. *Hind,* 1 *Vesey,* 294; *Piety* v. *Stace,* 4 *Vesey* 620.